

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Steven M. Fitten<br>300 Vista del Rey Drive<br>El Paso, TX 79912<br><br>**Plaintiff** *Pro Se*,<br>     v.<br><br>Frank Kendall, Secretary<br><br>Department of the Air Force<br>1670 Air Force Pentagon<br>Washington, DC 20330-1670<br><br>**Defendant** | Case No:   CV-22-00690-PHX-GMS<br><br><br><br><br><br><br><br>**Complaint for Employment Discrimination and Jury Demand** |

## JURISDICTION AND VENUE

1. This action is brought by Steven M. Fitten, Plaintiff *Pro Se*, to redress employment discrimination and retaliation pursuant to Title VII of the 1964 Civil Rights Act as Amended (42 USC §§ 2000e *et seq.*) (Title VII), upon the basis of race (African, Hispanic and Native American ancestry); reprisal (prior Title VII protected activity); and age (presently 70, born in 1951) under the Age Discrimination in Employment Act (ADEA) as amended, 29 USC §§ 621 *et seq.*

2. Jurisdiction and venue is proper under 42 USC § 2000e-5(f)(3), as brought in the judicial district and state in which the unlawful employment practices, agency actions and decisions adverse to the Plaintiff occurred: to wit, Luke AFB, AZ; in the judicial district in which the employment records are maintained and administered; or in the judicial district in which the Plaintiff would have worked

but for the alleged unlawful employment practices complained of herein; as well as 28 USC § 1331; 28 USC § 1391, where a substantial part of the events or omissions giving rise to the instant employment discrimination claim occurred ; 28 USC § 1332 (a) being a controversy greater than $75,000; 5 USC § 7703(b)(2); and 42 USC § 1343.

3. Defendant, Frank Kendall, is the Secretary of the Air Force, responsible for the administration of the Department of the Air Force (AF or USAF) as the official federal agency head, including the discriminatory actions taken by said agency employees complained of herein that transpired at Luke AFB, AZ.

4. At all times of the discrimination complained of, the AF employed well in excess of 200 employees full time.

## STATEMENT OF CLAIM

5. The Plaintiff, Steven M. Fitten, presently age **70**, is a **male** with **African, Hispanic and Native American** ancestry. He was admitted to practice law in Ohio and federal courts in 1978. Plaintiff served as a JAG on active duty with the U.S. Coast Guard (1989-1993) and reservist with the U.S. Air Force (USAF) and Air National Guard (ANG) in Maine and California (1993-2000). His federal civilian career spans thirty (30) years in the 0905 and 1102 series, beginning as a GS-1102-9 and culminating as a GG-0905-15. Plaintiff was employed by the USAF in the 1102 series from October 1983 thru December 1997. He transitioned into the 0905 series beginning in January 1990, and has been employed by the Army, Air Force, and International Boundary & Water Commission (IBWC) as an attorney from January 1998 until retirement in March 2013. In February 2018,

Plaintiff was rehired as a re-employed annuitant by the USAF at Luke AFB, AZ as a civilian Contracts, Ethics and Labor Law Attorney and constructively discharged on November 1, 2018 from that position. Plaintiff is also certified by the Defense Acquisition University (DAU) as a Level III Acquisition Professional (the highest level) and has performed the responsibilities and duties as a contract negotiator, contract specialist, cost/price analyst and contracting officer. He has taught all of the DAU Level II courses for Webster University at the Fort Bliss, TX campus and those leading to a MA degree in Procurement.

6. Since retirement and following employment at Luke AFB, AZ, Plaintiff has maintained his proficiency in the federal acquisition field by teaching all of the requisite DAU Level II Federal acquisition certification courses; and law specialty areas required of an Administrative/Civil Law Division DoD attorney (Administrative & Civil Law, Contract Law, Environmental Law, Ethics, FOIA/Privacy Act, International Law, Labor/Employment Law, and Legal Assistance, Real Estate, and Contract and Tort Claims) through his private law practice *pro bono* and continuing legal education (CLE) courses. Plaintiff is retired as a CSRS annuitant, unemployed at the time of application and remains so presently.

7. Plaintiff was hired as a re-employed annuitant to perform the duties of a Contracts, Ethics and Labor Law Attorney, plus assist the Legal Assistance Office as needed at Luke AFB, AZ beginning February 1, 2018. Plaintiff was hired as a GS0905-13, Step 10. Throughout the time of his employment at Luke AFB, Plaintiff was the oldest civilian employee of the legal office (then 67) and the only one of African, Hispanic and Native American ancestry. The selecting official and

Plaintiff's immediate supervisor was Luke AFB Staff Judge Advocate (SJA) John E. Owen, Lt Col, USAF, a white male. At the time of hire, Lt Col Owen promised the Plaintiff that he would arrange payment of a recruiting incentive/ relocation bonus to help defray moving and relocation expenses incurred from moving from El Paso, TX to Luke AFB, AZ. The Luke AFB Civilian Personnel Officer (CPO), Bryan Evans, also reassured Plaintiff of receiving a relocation bonus upon reporting for duty. Moreover, Evans the necessary paperwork would be routed for approval through the Air Force Personnel Center (AFPC) in San Antonio, TX, Luke AFB Civilian Personnel Flight, and Lt Col Owen.

8. During his employment at Luke AFB between February and November 2018, Plaintiff incurred lodging, meal and other and relocation expenses at least and in excess of $25,000.00 and resided at the Luke AFB Lodge ($50.00 daily rate) and the Comfort Suites hotel in Goodyear, AZ ($90.00 daily rate). In June 2018, just before Lt Col Owen transferred to his new assignment, both he and Evans, confirmed AFPC and the Luke AFB Civilian Personnel Flight had approved Plaintiff's recruiting incentive/relocation bonus in the amount of $15,000.00. Evans even showed the approved documents, which awaited only Lt Col Owen's signature.

9. Lt Col Owen departed Luke AFB for his new assignment without signing the bonus payment forms, even though funding had been approved by AFPC and the Luke AFB Base Commander. Before departing, Owen commended Plaintiff on his job performance, noting an immensely improved working relationship with the EEO Office, the Labor Relations Division, and especially the Contracting Flight, having prevailed in a contract bid protest. He also directed Plaintiff to

submit the necessary documents to be nominated for the Civilian Employee of the Quarter Award. Subsequently, Plaintiff was nominated for the Quarterly Civilian Award and received outstanding feedback for adept handling of labor and contracting issues during a Secretary of the AF (SAF) visit from the AETC SJA, 56 FW Group Commander Col Sylvester; and the Contracting Flight, 56 FW/CONS Commander Major Barbara Divine.

10. Owen was replaced by Lt Col Pilar Wenrich, USAF, a white female, in late July 2018. Upon reporting for duty, Wenrich informed Plaintiff that she had conferred with Owen about the details of the relocation bonus/recruiting incentive and that she would make good on that commitment. Meanwhile, both Owen and Wenrich were well aware that Plaintiff continued to reside at Goodyear Comfort Suites and continued to incur lodging and relocation expenses while awaiting to be recompensed.

11. Beginning in August 2018, just after Wenrich reported to Luke AFB, Plaintiff began experiencing a huge increase in workload assignments and a hostile work environment. In addition to his regular duties as a Contract Ethics and Labor Attorney, Wenrich asked Plaintiff to train a newly commissioned 1st Lt, Ed Kang, in all the skills, duties and responsibilities of a Labor Attorney and attend IG and EEO Office meetings. Also, Wenrich directed Plaintiff to prepare Kang as co-counsel in a labor arbitration involving a proposed 3 day suspension of a Non-Appropriated Fund (NAF) employee, scheduled for October 23, 2018.

12. To further aggravate matters and burden Plaintiff, Wenrich detailed Plaintiff to review a most controversial Report of Investigation (ROI) involving the Security Forces Flight that was being investigated by the Luke AFB Inspector General (IG), EEO Office, DFAS, and the Office of Special Counsel (OSC). Later, Wenrich briefly reassigned the ROI review to another military attorney in the SJA Office, Major Christopher Stanton, a white male, who supervised the Legal Assistance Office. When Stanton objected to handling the review, Wenrich reassigned the case back to Plaintiff, knowing that he was overburdened with end-of-the fiscal-year contracting action reviews, civilian disciplinary actions, and legal assistance cases. When Plaintiff asked her why the ROI review case was returned to him, Lt Col Wenrich responded he was the most experienced attorney available in the office for this assignment. Throughout my tenure, Plaintiff had to work an additional 30-60 minutes daily, just to keep pace with the workload

13. Following the labor arbitration on October 23, 2018, while Wenrich, and the Deputy SJA were away from the office, Major Stanton, cornered the Plaintiff in his office and the hallway between 5:25 and 5:45 PM (well past office hours) and demanded an on-the-spot briefing about the status of a legal review of the ROI; pending Base EO and OSC complaint investigations for WPA/WPEA and reprisal violations; and DFAS audit for the Security Forces Flight time card fraud issues. After providing a status update and case file documents, which are regularly briefed during weekly staff meetings with the SJA, Plaintiff asked to resume the discussion to a later time, due to a family emergency that required his immediate attention and

departure. While departing, half way down the hall, Major Stanton shouted, "this is going to end badly for you," which was overheard by 56 FW/JA office staff.

14. When Wenrich returned to the Legal Office on November 1, 2018, she informed Plaintiff he would be terminated effective November 9, 2018 unless he resigned immediately. Wenrich remarked she wanted another attorney with more labor law experience and thought he inadequately handled the arbitration case from the previous week. The arbitration decision had not yet been rendered nor transcripts of the proceedings prepared. However, Wenrich admitted having previous contact with the Air Force Legal Operations Agency (AFLOA) Labor Division to discuss Plaintiff's background. At that time, AFLOA was litigating some EEO non-selection complaints previously filed by the Plaintiff prior to his being employed at Luke AFB. Plaintiff also learned Wenrich canceled Plaintiff's training and travel scheduled for November 2018 prior to the October arbitration and withdrew his nomination for Civilian Employee for the quarter after conferring with AFLOA. Shortly thereafter, the arbiter released his decision, ruling in favor of the AF and upholding the employee suspension, even though there was no prior disciplinary record. Meaning, Plaintiff won the case for the Air Force.

15. As a consequence of his constructive discharge, Plaintiff filed a discrimination complaint with the Luke AFB EEO Office based on reprisal (prior and still pending EEO complaints activity), age and race to recover damages for the loss of income (back pay), relocation expenses, and special damages for mental and physical suffering caused by the acts of discrimination complained of herein. After reviewing this formal complaint for acceptability in accordance with 29 CFR 1614.107, the EEO office accepted for investigation all three claims associated with the loss of relocation

expenses accrued and constructive discharge. Subsequently, Plaintiff requested an EEOC Hearing and a final agency determination (FAD) was issued and received on January 25, 2022, hereto attached as authorization to file this action.

## COUNT I

16. Plaintiff re-alleges and incorporated by reference all of the preceding 15 paragraphs as if fully re-written and alleged herein.

17. All of the acts of employment discrimination complained of herein were committed because of the Plaintiff's race and violate Title VII of the 1964 Civil Rights Act as amended, 42 USC § 2000e *et seq.*

## COUNT II

18. Plaintiff re-alleges and incorporates by reference all of the preceding 17 paragraphs as if fully re-written and alleged herein. The discrimination complained of were knowingly, intentionally, deliberately and willfully committed by the defendant agency employees because of his age, presently 70, and constitutes a violation of the ADEA, 29 USC § 621 *et seq.*

## COUNT III

19. Plaintiff re-alleges and incorporates by reference all of the preceding 18 paragraphs as if fully re-written and alleged herein. The discrimination complained of were knowingly, intentionally, deliberately and willfully committed by the defendant agency employees because of reprisal for engaging in protected activities under Title

VII of the 1964 Civil Rights Act as Amended (42 USC §§ 2000e *et seq.*) (Title VII described herein above.

## PRAYER FOR RELIEF

16. WHEREFORE, plaintiff prays that the Defendant be enjoyed from committing further acts of discrimination complained of herein; direct Defendant to immediately rehire Plaintiff and award his costs and expenses incurred herein plus attorney fees; award back pay along with an equal amount of back pay as liquidated damages under the ADEA plus interest accrued; special damages for mental and physical suffering caused; full reimbursement for relocation expenses incurred; and any additional declaratory and injunctive relief deemed necessary and proper by the honorable Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*[signature]*
STEVEN M. FITTEN
Plaintiff *Pro Se*
300 Vista del Rey Dr
El Paso, TX 79912
(937) 732-4021; smfitten@att.net

# ATTACHMENT 1

Detailed Tracking                                                                 https://www.fedex.com/fedextrack/?trknbr=775838356644&trkqual=2...



FedEx® Tracking

775838356644
ADD NICKNAME

# Delivered
## Tuesday, 1/25/2022 at 2:14 pm

**DELIVERED**
Signed for by: S.FITTEN
GET STATUS UPDATES
OBTAIN PROOF OF DELIVERY

Direct signature required

**FROM**
Joint Base Andrews, MD US

**TO**
EL PASO, TX US

MANAGE DELIVERY

## Travel History

TIME ZONE
Local Scan Time

**Tuesday, January 25, 2022**

| Time | Location | Status |
|---|---|---|
| 2:14 PM | EL PASO, TX | Delivered |
| 9:10 AM | EL PASO, TX | On FedEx vehicle for delivery |
| 8:34 AM | EL PASO, TX | At local FedEx facility |
| 6:58 AM | EL PASO, TX | At destination sort facility |
| 5:33 AM | MEMPHIS, TN | Departed FedEx hub |
| 12:09 AM | MEMPHIS, TN | Arrived at FedEx hub |

**Monday, January 24, 2022**

| Time | Location | Status |
|---|---|---|
| 8:51 PM | CROFTON, MD | Left FedEx origin facility |
| 4:55 PM | RIVERDALE PARK, MD | Picked up / Tendered at FedEx Office |
| 12:43 PM | | Shipment information sent to FedEx |

Expand History

## Shipment Facts

Agency Docket No. 7I0J1900190F22
Other Docket No. 7I0J1900190 and
540-2020-00024X

## CERTIFICATE OF SERVICE

I certify that the original of the above Final Agency Decision has been served through FedEx Standard Overnight service, direct signature requested, Tracking Number **775838356644**, to the following party:

STEVEN M. FITTEN, ESQ
300 VISTA DEL REY DR
EL PASO, TX 79912-4825

1/24/2022

X *Julie P. Raveau*

EEO Case Management Specialist
AF CIVILIAN APPELLATE REVIEW OFFICE
Signed by: USAF

cc: Luke AFB (56 FW/EO) VIA ELECTRONIC MEANS

This document contains information which must be protected IAW AFI 33-332 and DoD Regulation 5400.11 Privacy Act of 1974 as Amended Applies, and it is For Official Use Only (FOUO).



**DEPARTMENT OF THE AIR FORCE**
**AIR EDUCATION AND TRAINING COMMAND**

27 February 2019

MEMORANDUM FOR  STEVEN M. FITTEN
　　　　　　　　　300 Vista del Rey Dr.
　　　　　　　　　El Paso, TX 79912

FROM:  56 FW/EO
　　　　7383 N. Litchfield Road, Suite 2112
　　　　Luke AFB, AZ  85309-1544

SUBJECT:  Notice of Accepted Formal EEO Complaint
　　　　　　EEO Complaint – Steven M. Fitten, Luke AFB Docket No. 7I0J1900190

1. On 05 December 2018, you initially contacted the 56th Fighter Wing Equal Opportunity (EO) Office at Luke AFB, Arizona to file an informal complaint of discrimination. The assigned EEO counselor was unable to resolve your complaint based on the remedies you requested. You filed a formal complaint of discrimination on 16 February 2019. The Counselor's Report is attached.

2. After reviewing the complaint for acceptability in accordance with 29 CFR 1614.107, we find the complaint appropriate for acceptance and investigation. The agency will investigate the following claims based on the complaint you submitted:

　　a. Whether the complainant (Mr. Steven M. Fitten) was discriminated against on 1 Nov 2018 by Lt Col Pilar Wennrich based on his age (67), race (Black and Native American), and National Origin (Hispanic) when he was constructively discharged from his Attorney Advisor Position (Contracts and Labor Attorney) at the 56 Fighter Wing Legal Office, Luke AFB, AZ.

　　b. Whether the complainant (Mr. Steven M. Fitten) was discriminated against on 1 Nov 2018 as an act of Reprisal (prior EEO activity, EEOC Case No: 570-2016-00877X, 16 June 2016) by Lt Col Pilar Wennrich when he was constructively discharged from his Attorney Advisor Position (Contracts and Labor Attorney) at the 56 Fighter Wing Legal Office, Luke AFB, AZ.

　　c. Whether the complainant (Mr. Steven M. Fitten) was discriminated against on 1 Nov 2018 by Lt Col Pilar Wennrich based on his age (67), race (Black and Native American), and National Origin (Hispanic) when he was denied relocation expenses and a recruiting incentive/ relocation bonus at the 56 Fighter Wing Legal Office, Luke AFB, AZ.

3. Only the claims described in paragraph 2 have been accepted. If you disagree with the description of your claim, you may submit a statement to the EO office which will become a part of the complaint file.

4. The Air Force is required to conduct an impartial and appropriate investigation of the accepted portion of your complaint within 180 calendar days of the filing of the complaint unless the parties agree in writing to extend the time period. Accordingly, the above claim shall be

forwarded to the Department of Defense, Investigations and Resolutions Division (IRD) for investigation. Please refer to your rights in the attached document.

5. Please direct any questions or request for information regarding the EEO process or the processing of your complaint to Mr. Ronald S. Goodwyn, EO Director, at (623) 856-7711.

RONALD S. GOODWYN
Director, Equal Opportunity

2 Attachments
1. Complainant's Rights
2. Counselor's Report

cc:
56 FW/JA
56 FW/EO
DOD CPMS IRD
AFLOA/JACL (LLFSC)